[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM
This is an action on an unpaid promissory note. The defendants answered and asserted six special defenses (which generally deny that they signed the document) and filed three counterclaims. The plaintiff requested the defendants to revise the second count of the counterclaim. The defendants did not file a revised counterclaim and they did not object within 30 days after the request. The request, therefore, is automatically granted. Conn. Practice Bk. 149.
The plaintiff moves to strike the counterclaims on the ground of legal insufficiency. The plaintiff has filed a memorandum of law in support of its motion to strike and defendants have failed to file memorandum of law in opposition to plaintiff's motion.
 I.
Count one of the counterclaim is entitled "vexatious action." The defendants allege that the plaintiff knows that he has never met the defendants and that the defendants never signed the note in the plaintiff's presence. The defendants allege that the plaintiff knows that the action on the note is groundless.
"[A] claim for vexatious litigation requires [the claimant] to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the [claimant's favor." Blake v. Levy, 191 Conn. 257, 263 (1983).
Since the defendant has not alleged these elements, count one of the counterclaim should be stricken.
 II.
Count two is entitled "collusion." In its revised form, it alleges that the plaintiff and a third party agreed to bring the suit on the note "to defraud defendants of their property. " Defendants have not alleged any facts except the above conclusory statement. Count two of the counterclaim should be stricken.
 III.
Count three alleges that the plaintiff negligently accepted the promissory note from a third party without talking to the CT Page 5848 defendants or verifying the note's authenticity. The defendants allege the plaintiff had a duty to investigate the statements the third party and the note.
"The law does not recognize a `duty in the air'. . . . To survive a motion to strike, the court must determine that the [plaintiff] owed a duty to the [defendants]." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171 (1988). The defendants have not alleged the relationship between the parties nor the relevance of the third party. Defendants have not alleged and sufficient facts have not been alleged to state any ground on which the plaintiff owed the defendants a duty.
Motion to Strike all three counts of the counterclaim is granted.
Wagner, J.